IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

SARA DALTON,                          §
                                      §
            Plaintiff,                §
                                      §
VS.                                   §   CIVIL ACTION H-12-3004
                                      §
STATE FARM LLOYD'S, INC. AND          §
STEWART BROWN,                        §
                                      §
            Defendants.               §

**OPINION AND ORDER**

Pending before the Court in the above referenced cause arising out of an insurance dispute over recovery for hail storm damage to Plaintiff Sara Dalton's house and property on January 9, 2012 and over State Farm's handling of the claim, timely removed from state court on diversity grounds based on Plaintiff Sara Dalton's First Amended Petition, are Plaintiff's motion to remand (instrument #4) and Defendant State Farm Lloyds' ("State Farm's")[1] motion to dismiss (#8).

**Allegations of Plaintiff's First Amended Petition (#1, Exhibit E)**

In a bare-bones, conclusory, amended pleading filed in state court, Plaintiff, a named insured under a property insurance policy issued by State Farm, filed a claim after her house and property in Katy, Texas were damaged by a January 9, 2012 hail storm.  She

_____

[1] State Farm Lloyds points out that it is incorrectly named here as State Farm Lloyd's, Inc.

-1-

asserts that Defendants improperly denied and/or underpaid the claim.  She further alleges that Defendant Stewart Brown ("Brown"), a Texas resident like Plaintiff, was assigned as an individual adjuster on the claim, conducted a substandard investigation and inspection of the property, prepared a report that omitted some of the damage that he had noted during the inspection, undervalued the damage he observed, and thus his unreasonable investigation "led to the underpayment of Plaintiff's claim."  She maintains that "State Farm and Brown performed an outcome-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair and inequitable evaluation of Plaintiff's losses on the Property."  #1, Ex. E at p.2.

Against State Farm Plaintiff asserts breach of insurance contract (wrongfully denying and/or underplaying her claim) and violation of the prompt payment of claims statute (Article 542.051 *et seq.)* of the Texas Insurance Code.  Against both Defendants, without identifying which portions of the statutes she is utilizing, she asserts breach of duty of good faith and fair dealing under §§ 541.051,[2] 541.060,[3] and 541.061[4] of the Texas

---

[2] Section 541.051, styled "Misrepresentation Regarding Policy or Insurer," provides,

It is an unfair method of competition or an unfair or deceptive act or practice in the business of insurance to:

(1) make, issue, or circulate or cause to be made, issued, or circulated an estimate, illustration,

circular, or statement misrepresenting with respect to a policy issued or to be issued:

       (A) the terms of the policy;

       (B) the benefits or advantages promised by the policy; or

       (c) the dividends or share of surplus to be received on the policy;

(2) make a false or misleading statement regarding the dividends or share of surplus previously paid on a similar policy;

(3) make a misleading representation or misrepresentation regarding:

       (A) the financial condition of an insurer; or

       (B) the legal reserve system on which a life insurer operates;

(4) use a name or title of a policy or class of policies that misrepresents the true nature of the policy or class of policies; or

(5) make a misrepresentation to a policy holder insured by the insurer for the purpose of inducing or that tends to induce the policyholder to allow an existing policy to lapse or to forfeit or surrender the policy.

[3] Section 541.060, addressing "Unfair Settlement Practices," provides,

(a) It is an unfair method of competition or an unfair or deceptive act or practice in the business of insurance to engage in the following unfair settlement practices with respect to a claim by an insured or beneficiary:

(1) misrepresenting to a claimant a material fact or policy provision relating to coverage at issue;

-3-

(2) failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of:

> (A) a claim with respect to which the insurer's liability has become reasonably clear or;

> (B) a claim under one portion of a policy with respect to which the insurer's liability has become reasonably clear to influence the claimant to settle another claim under another portion of the coverage unless payment under one portion of the coverage constitutes evidence of liability under another portion;

(3) failing to promptly provide to a policy-holder a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or offer of a compromise settlement of a claim;

(4) failing within a reasonable time to:

> (A) affirm or deny coverage of a claim to a policyholder; or

> (B) submit a reservation of rights to a policyholder;

(5) refusing, failing, or unreasonably delaying a settlement offer under applicable first-party coverage on the basis that other coverage may be available or that third parties are responsible for the damages suffered, except as may be specifically provided in the policy;

(6) undertaking to enforce a full and final release of a claim from a policyholder when only a partial payment has been made, unless the payment is a compromise settlement of a

-4-

doubtful or disputed claim;

(8) with respect to a Texas personal automobile insurance policy, delaying or refusing settlement of a claim solely because there is other insurance of a different kind available to satisfy all or part of the loss forming the basis of that claim; or

(9) requiring a claimant as a condition of settling a claim to produce the claimant's federal income tax returns for examination or investigation by the person unless:

    (A) a court orders the claimant to produce those tax returns;

    (B) the claim involves a fire loss; or

    (C) the claim involves lost profits or income.

(b) Subsection (a) does not provide a cause of action to a third party asserting one or more claims against an insured covered under a liability insurance policy.

[4] Entitled "Misrepresentation of Insurance Policy," Section 541.061 states,

It is an unfair method of competition or an unfair or deceptive act or practice of the business of insurance to misrepresent an insurance policy by:

(1) making an untrue statement of material fact;

(2) failing to state a material fact necessary to make other statements made not misleading, considering the circumstances under which the statements were made;

(3) making a statement in a manner that would mislead a reasonably prudent person to a false conclusion of a material fact;

Insurance Code and violations of the Texas Trade Practices--Consumer Protection Act ("DTPA"), Tex. Bus. & Com. Code § 17.50. She seeks exemplary and treble damages.

The Court addresses the jurisdictional issue in the motion to remand first.

### Standard of Review

In federal court the standard for stating a claim for which relief may be granted is controlled by Federal Rules of Civil Procedure Rule 12(b)(6), 8 and, in the case of fraud, 9, and the case law addressing them.     "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . ." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007)(citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.* at 1965, *citing* 5 C. Wright & A. Miller, *Federal Practice and Procedure* § 1216, pp. 235-236 (3d ed. 2004)("[T]he pleading must contain something more . . . than . . .

---

(4) making a material misstatement of law; or

(5) failing to disclose a matter required by law to be disclosed, including failing to make a disclosure in accordance with another provision of this code.

-6-

a statement of facts that merely creates a suspicion [of] a legally cognizable right of action"). "*Twombly* jettisoned the minimum notice pleading requirement of *Conley v. Gibson*, 355 U.S. 41 . . . (1957)["a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief"], and instead required that a complaint allege enough facts to state a claim that is plausible on its face." *St. Germain v. Howard*,556 F.3d 261, 263 n.2 (5th Cir. 2009), *citing In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007)("To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.'"), *citing Twombly*, 127 S. Ct. at 1974). *See also Alpert v. Riley*, No. H-04-CV-3774, 2008 WL 304742, *14 (S.D. Tex. Jan. 31, 2008). "'A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Montoya v. FedEx Ground Package System, Inc.*, ____ F.3d ____, No. Civ. A. L-08-39, 2010 WL 3081504, * 3 (5th Cir. Aug. 9, 2010), *quoting Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1940 (2009). Dismissal is appropriate when the plaintiff fails to allege "'enough facts to state a claim to relief that is plausible on its face'" and therefore fails to "'raise a right to relief above the speculative level.'" *Montoya*, 2010 WL 3081504 at * 3, *quoting Twombly*, 550 U.S. at 555, 570.

Furthermore, the plaintiff must plead specific facts, not merely conclusory allegations, to avoid dismissal. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000) "Dismissal is proper if the complaint lacks an allegation regarding a required element necessary to obtain relief . . . ." *Rios v. City of Del Rio, Texas*, 444 F.3d 417, 421 (5th Cir. 2006), *cert. denied*, 549 U.S. 825 (2006).

In addition to Rules 8(a) and 12(b)(6), fraud claims must also satisfy the heightened pleading standard set out in Federal Rule of Civil Procedure 9(b): "In allegations alleging fraud . . ., a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." A dismissal for failure to plead with particularity as required by this rule is treated the same as a Rule 12(b)(6) dismissal for failure to state a claim. *Lovelace v. Software Spectrum, Inc.*, 78 F.3d 1015, 1017 (5th Cir. 1996). The Fifth Circuit interprets Rule 9(b) to require "specificity as to the statements (or omissions) considered to be fraudulent, the speaker, when and why the statements were made, and an explanation of why they were fraudulent." *Plotkin v. IP Axess, Inc.,* 407 F.3d 690, 696 (5th Cir. 2005).

### Plaintiff's Motion to Remand

Plaintiff claims that this Court lacks subject matter jurisdiction because both she and Brown are domiciled in and

citizens of Texas, and thus not diverse.

In its response in opposition, State Farm contends that the First Amended Petition, with its "mere three sentences of vague factual allegations that barely reference Brown as a Defendant," "coupled with her formulaic regurgitation of the elements of the DTPA and Texas Insurance Code," does not allege sufficient facts to maintain any cause of action against Brown that could provide the Court with a reasonable basis to predict that Plaintiff might be able to recover against him, and that he is improperly joined. As pointed out in State Farm's Notice of Removal (#1), Plaintiff does not identify any act performed by Brown, but merely alleges that he assisted in adjusting Plaintiff's claim. State Farm highlights the fact that Plaintiff has still not served Brown, "a clear indication of her effort to hinder this Court's jurisdiction."[5] The First Amended Petition fails to plead any fact for which Brown could be held individually liable--no false, misleading or deceptive acts or unconscionable acts are identified. This Court has previously held that when an adjuster's actions "can be accomplished by [the insurer] through an agent," and when the claims against the adjuster are identical to those against the insurer, the adjuster's

_____

[5] In her reply (#9), Plaintiff asserts and provides documentary evidence that she has made good faith attempts to locate and serve Brown, including through his driver's license and insurance address and by means of requests for disclosure by State Farm, but has been unable to find him. The fact remains that she filed this suit on August 15, 2012, more than nine and a half months ago, and he has still not been served.

actions are "indistinguishable from [the insurer's actions" and thus insufficient to support a claim against the adjuster. *Atascocita Realty, Inc. v. Western Heritage Ins. Co.*, Civ. A. No. 4:10-CV-4519, 2012 WL 4052914, *3 (S.D. Tex. Sept. 13, 2012), *citing Cristiano Cosecha Final, Inc. v. Ohio Cas. Ins. Co.*, Civ. A. H-10-1846, 2011 WL 240335, *14 (S.D. Tex. Jan. 20, 2011). Moreover the Fifth Circuit has concluded that "there is no reasonable possibility that Texas would allow recovery under Article 21.21 (or the Texas Deceptive Trade Practices Act (DTPA)) against an insurance company employee who in the course of his employment engages in business of insurance, *in the absence of* evidence sufficient to sustain a finding that that employee *himself* committed a violation of Article 21.21 (or the DTPA)(and that such violation was a cause of damage or legally recognized harm to the plaintiff." *Hornbuckle v. State Farm Lloyds*, 385 F.3d 538, 545 (5th Cir. 2004)(emphasis in original). The First Amended Petition fails to allege any false, misleading, deceptive, or unconscionable acts by Brown or individual acts by Brown to state a claim for violation of the Texas Insurance Code or the DTPA.

### Relevant Law on Improper Joinder

Under 28 U.S.C. § 1441(a)[6] any state court action over which

_____

[6] Title 28 U.S.C. § 1441(a) states, "Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the

federal courts would have original jurisdiction may be removed from state to federal court. *Gasch v. Hartford Accident & Indemnity Co.*, 491 F.3d 278, 282 (5th Cir. 2007; *Guttierrez v. Flores*, 543 F.3d 248, 251 (5th Cir. 2008)("A district court has removal jurisdiction in any case where it has original jurisdiction.").

The right to remove depends upon the plaintiff's pleading at the time of the petition for removal, i.e., here Plaintiff's First Amended Petition. *Pullman Co. v. Jenkins*, 305 U.S. 534, 537-38 (1939); *Cavallini v. State Farm Mutual Auto Ins.*, 44 F.3d 256, 264 (5th Cir. 1995); *Ford v. Property & Cas. Ins. Co. of Hartford*, No. Civ. A. H-09-1731, 2009 WL 4825222, *2 (S.D. Tex. Dec. 9, 2009). A plaintiff cannot defeat removal by amending her complaint after removal. *Cavallini v. State Farm Mutual Ins. Co.*, 44 F.3d 256, 264 (5th Cir. 1995)("The rationale for determining jurisdiction based on the state court complaint a the time of removal is that "[w]ithout such a rule, disposition of the issue would never be final, but would instead have to be revisited every time the plaintiff sought to amend the complaint to assert a new cause of action against the nondiverse defendant"). Moreover post-removal affidavits, such as those from Plaintiff's son and an alleged expert witness attached to her motion to remand, cannot be considered if they present new causes of action or theories not

---

district and division embracing the place where such action is pending."

raised in the governing state court petition. *Griggs v. State Farm Lloyds*, 181 F.3d 694, 694 (5th Cir. 1999)(Post-removal affidavits may be considered "only to the extent that the factual allegations in [the] affidavit clarify or amplify the claims actually alleged in the amended petition that was controlling when the suit was dismissed."). The vague, conclusory First Amended Petition fails to state a plausible claim for relief for either Defendant here.

The removing party bears the burden of showing that subject matter jurisdiction exists and that removal was proper. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). Any doubts are construed against removal because the removal statute is strictly construed in favor of remand. *Id.*

Under 28 U.S.C. § 1441(b), when original federal jurisdiction would be based on diversity, as is claimed by State Farm here, a defendant may remove a state court civil action only "if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." The doctrine of improper joinder, or fraudulent joinder,[7] prevents defeat of federal removal jurisdiction premised on diversity by the presence of an improperly joined, non-diverse defendant. *Borden v. Allstate Ins. Co.*, 589 F.3d 168, 171 (5th Cir. 2009). Citizenship

---

[7] The Fifth Circuit prefers the term "improper joinder" to "fraudulent joinder" because it is more consistent with the statutory language in 28 U.S.C. §§ 1141 and 1332. *Smallwood v. Ill. Cent. R. Co.*, 385 F.3d 568, 571 n.1 and 572-73 (5th Cir. 2004)(*en banc*), *cert. denied*, 544 U.S. 992 (2005).

-12-

of an improperly joined party is totally disregarded in determining the court's subject matter jurisdiction. *Smallwood v. Illinois Cent. R.R. Co.*, 385 F.3d 568, 572 (5th Cir. 2003).

Improper joinder may be established by showing (1) actual fraud in the pleading of jurisdictional facts or (2) an inability to establish a cause of action against the non-diverse defendant in state court. *Gasch*, 491 F.3d at 281; *Smallwood*, 385 F.3d at 573. The latter is alleged here.  Defendants claiming improper joinder based on the second type bear a heavy burden of showing there is no possibility of recovery by the plaintiff against the in-state defendants, i.e., in other words that there is no reasonable basis for predicting that state law would allow recovery against the in-state defendants. *Travis v. Irby*, 326 F.3d 644, 649 (5th Cir. 2003); *Smallwood*, 385 F.3d at 576.  A "reasonable basis" means more than a mere a hypothetical basis. *Griggs v. State Farm Lloyds*, 181 F.3d 694, 701 (5th Cir. 1999)("whether the plaintiff has stated a valid state law cause of action depends upon and is tied to the factual fit between the plaintiffs' allegations and the pleaded theory of recovery").

To determine whether a plaintiff has a "reasonable basis for recovery under state law, the court may "conduct a Rule 12(b)(6)-type analysis." *Smallwood*, 385 F.3d at 573; *Anderson v. Georgia Gulf Lake Charles*, 342 Fed. Appx. 911, 915 (5th Cir. 2009).  First the court should look at the pleadings to determine whether the

allegations state a claim under state law against the in-state defendant.  *Smallwood*, 385 F.3d at 573.  If the "plaintiff has stated a claim, but has misstated or omitted discrete facts that would determine the propriety of joinder," the court may look beyond the pleadings and consider summary judgment-type evidence. *Georgia Gulf*, 342 Fed. Appx. at 915-16.  Discovery should be restricted and the summary inquiry should be limited to identifying "discrete and undisputed facts that would bar a plaintiffs' recovery against an in-state defendant; anything more risks 'moving the court beyond jurisdiction and into the resolution of the merits . . . .'"  *Id.* at 916, *quoting Smallwood*, 385 F.3d at 573-74. Furthermore, where the reasons for finding that there is no reasonable basis for recovery against the in-state defendant would also dispose of all claims against the diverse defendants, the entire case should be remanded because "there is no improper joinder; there is only a lawsuit lacking merit." *Id.* at 574.

The district court must resolve all contested fact issues and ambiguities of state law in favor of the plaintiff and remand. *Gasch*, 491 F.3d at 281.  The Fifth Circuit explains, since "'the effect of removal is to deprive the state court of an action properly before it, removal raises significant federalism concerns.'  The removal statute is therefore to be strictly construed, and any doubt about the propriety of removal must be resolved in favor of remand." *Id.* at 281-82, *quoting Carpenter v.*

*Wichita Falls Indep. Sch. Dist.*, 44 F.3d 362, 365-66 (5th Cir. 1995).

An adjuster can be liable under the Texas Insurance Code and the DTPA. Chapter 541 of the Texas Insurance Code, a "tie-in statute," expressly provides a cause of action for any practice "specifically enumerated in a subdivision of Section 17.46 of the DTPA." Tex. Ins. Code § 541.151(2)(Vernon 2010). The Texas Department of Insurance adopted section 21.21 of the Texas Administrative Code to "further define" those who may be held liable under the Insurance Code ("insurers and insurance agents and other persons in their conduct of the business of insurance . . . irrespective of whether the person is acting as insurer, principal, agent, employer or employee, or in other capacity or connection with such insurer"). *Liberty Mutual Ins. Co. v. Garrison Contractors, Inc.*, 966 S.W. 2d 482, 485 (Tex. 1998)(*citing* 28 Tex. Admin. Code § 21.21). Chapter 541 Subchapter A of the Texas Insurance Code prohibits any "person" from engaging in deceptive practices in the business of insurance. Tex. Ins. Code Ann. § 541.003; *see also Gasch*, 491 F.3d at 282. "Person" is defined as "any individual, corporation, association, partnership . . . and any other legal entity engaged in the business of insurance, including agents, brokers, **adjusters**, and life insurance counselors." Tex. Ins. Code Ann. § 541.002 (emphasis added). *See also Garrison Contractors*, 966 S.W. 2d at 486-87 (the definition of

-15-

a "person" engaged in the business of insurance in Chapter 541, Subchapter A, is not limited to insurers, but includes individuals and company employees, including adjusters); *Gasch*, 491 F.3d at 283-84 (an adjuster can be held liable under the Texas Insurance Code).[8]  Thus a plaintiff may bring a cause of action against an adjuster who has engaged in deceptive trade practices.

There is no dispute here that in addition to an insurer, as a matter of law an adjuster may be found liable in his individual capacity for deceptive or misleading acts in violation of the Texas Insurance Code and the DTPA.  *Garrison Contractors*, 966 S.W. 2d at 486; *Griggs v. State Farm Lloyds*, 181 F.3d 694, 701 (5th Cir. 1999). Both statutes apply to "any person" who commits one of their prohibited acts or practices.  Tex. Ins. Code Ann. §§ 541.002-.003; Tex. Bus. & Com. Code Ann. § 17.50; *Blanchard*, 206 F. Supp. 2d at 845.   District courts within the Fifth Circuit have also found that a plaintiff can sue an adjuster in his individual capacity for common law fraud.  *See, e.g., Leisure Life*, 2009 WL 3834407 at *2; *Lakewood Chiropractic Clinic*, 2009 WL 3602043 at *2.

Rather, the issue here is whether State Farm has shown that there is no reasonable basis to predict that state law would allow

---

[8] Plaintiff explains that while *Garrison* and *Gasch* were decided under Article 21.21, Chapter 541 of the Texas Insurance Code is a recodification of Article 21.21.  Acts 2003, 78th Leg., R.S., Ch. 1274, H.B. 2922.  The Texas Legislature explicitly stated that Chapter 541 was enacted as a non-substantive revision of Article 21.21.  *Id.*

recovery against the in-state defendant Brown. *Smallwood*, 385 F.3d
at 573.  In essence State Farm has argued that the pleadings,
although tracking statutory boiler plate, are factually deficient
and fail to state a cause of action against Brown.

Because determining whether an adjuster may be found liable in
his individual capacity for deceptive or misleading acts, also key
here is the definition and nature of the work done by an
"adjuster," according the Texas Insurance Code Ann. §
4101.001(a)(1), which in relevant part (emphasis added by the
Court) provides

> "[A]djuster" means an individual who:
>
> (1)  *investigates or* adjusts losses on behalf of an
> insurer as an independent contractor or as an employee
> of:
>
> > (A) an adjustment bureau;
> > (B) an association;
> > (C) a general property and casualty agent or
> > personal lines property and casualty agent;
> > (D) *an independent contractor*;
> > (E) an insurer; or
> > (F) a managing general agent;

Brown undisputedly investigated and prepared a report for
State Farm regarding the damage to Plaintiff's property for
purposes of insurance coverage and thus qualifies as an "adjuster"
under the Code.  As noted earlier, an "adjuster" is expressly
listed as one of the class of persons that engages in the business
of insurance under Texas Insurance Code § 541.002(2).  Moreover,
the Texas Supreme Court has specifically held that "[t]he business

-17-

of insurance includes the investigation of claims and losses."
*Vail v. Texas Farm Bur. Mutual Ins. Co.*, 754 S.W. 2d 129, 132 (Tex.
1988).    Finally the Fifth Circuit held that an independent
insurance adjuster that services insurance policies for an insurer
"engages in the business of insurance" and can be held individually
liable under the Texas Insurance Code. *Gasch*, 491 F.3d at 282.

As an initial inquiry, the court must ask whether it appears
from the petition that the plaintiff actually intended to sue the
non-diverse defendant, i.e., whether "the record . . . support[s]
any inference that the [plaintiff] intended to actively pursue
claims" against Brown.    *Griggs*, 181 F.3d at 699.   Factors for the
Court to consider include whether the defendant is merely minimally
mentioned, whether he was ever served, and whether any actionable
claims are specifically alleged against him.    Brown is identified
in the First Amended Petition by name, but he has still not been
served.    The allegations against him are minimal and provide no
facts and therefore fail to establish a plausible claim.   For the
most part the allegations merely track the statutory provisions,
alleging only that Brown inspected the Property and that he
submitted an undervalued repair estimate to State Farm.   These
actions can be accomplished by State Farm through an agent, and as
such, are indistinguishable from State Farm's actions.   No specific
misrepresentation by Brown to Plaintiff is pleaded nor any
specified deficiencies determined during his investigation or

-18-

contained in his report are alleged.  Plaintiff's conclusory claim against Brown, individually, for insufficient investigation and undervaluing the claim, presumably incorporated into a report to State Farm, is insufficient to establish the possibility of a claim against him individually for violation of the Texas Insurance Code and/or the DTPA.  In *Griggs*, the Fifth Circuit determined that such a factually deficient petition that fails to specify any actionable conduct against the insurance agent individually does not meet even Texas' liberal notice pleading standard[9] and declined "to expand the concept of notice pleading this far." *Griggs*, 181 F.3d at 699.

Because, as emphasized by State Farm, the Court must base its decision on the controlling pleading at the time of removal, i.e., the First Amended Petition, and because the affidavits of Plaintiff's son Jack DeBolt and expert and adjuster Shannon Kimmel submitted by Plaintiff do not clarify or amplify ambiguous jurisdictional facts or causes of action or theories set forth in the First Amended Petition in state court,[10] the Court finds that Brown is improperly joined and must be dismissed.  Plaintiff's claims against him in the Amended Petition conclusorily track the statutory language, unsupported by any specific facts regarding his actions.  The Court reaffirms its conclusion in *Atascocita* and *Centro Cristiano* that where "the claims against the adjuster are

---

[9] See discussion below.

[10] *Griggs*, 181 F.3d at 700.

identical to those against the insurer, the adjuster's actions 'are indistinguishable from [the insurer's] actions' and hence are insufficient to support a claim against the adjuster." *Atascocita Realty, Inc.*, 2012 WL 4052914 at *3, *citing Centro Cristiano*, 2011 WL 240335 at *14.   Thus the Court find the plaintiff fails to establish a cause of action that would be recognized in state court.   Therefore the Court dismisses Brown from this action without prejudice as improperly joined, concludes that it has diversity jurisdiction over this action, and denies Plaintiff's motion to remand.

### State Farm's Motion to Dismiss (#8)

State Farm maintains that this action should be dismissed under Federal Rules of Civil Procedure 8, 9(b), and 12(b)(6) because it "contains nothing more than the bare bones regurgitation of sections of the Texas Insurance Code that have become all too common in first-party bad-faith litigation."

"Claims challenging violations of the Texas Insurance Code and the Deceptive Trade Practices Act . . . are subject to the requirements of Rule 9(b)." *Frith v. Guardian Life Ins. Co. of America*, 9 F. Supp. 2d 734, 742-43 (S.D. Tex. 1998); *Tracy v. Chubb Lloyds Ins. Co. of Texas*, Nos. 4:12-cv-042-A, 12-cv-174-A, 2012 WL 2477706. *7 (N.D. Tex. June 28, 2012).

There is a substantial difference in pleading standards between Federal and Texas Rules of Civil Procedure.   Pleading

-20-

standards are far more lenient in Texas state court, as summarized
in 1 Tex. Prac. Guide  Civil Pretrial § 5:39 (Database updated
through September 2010):

> A petition is sufficiently pleaded if one can
> reasonably infer a cause of action or defense from what
> is specifically stated. *Boyles v. Kerr*, 855 S.W. 2d 593,
> 601 (Tex. 1993); *In re Credit Suisse First Boston
> Mortgage Capital, LLC*, 273 S.W. 3d 843, 850 (Tex. App.-
> -Houston [14th Dist.] 2008, orig. proceeding)(petition
> can be sufficient if a claim reasonably may be inferred
> from what is specifically stated, and thus, a petition is
> not necessarily defective even if the plaintiff has not
> specifically alleged one of the elements of a claim); *In
> re P.D.D.*, 256 S.W. 3d 834, 939 (Tex. App.--Texarkana
> 2008, no pet.); *San Saba Energy, L.P. v. Crawford*, 171
> S.W. 3d 323 (Tex. App.--Houston [14th Dist.] 2005, no
> pet.); *Tull v. Tull*,159 S.W. 3d 758, 762 (Tex. App.-
> Dallas 2005, no pet) . . . . *Woolam v. Tussing*, 54 S.W.
> 3d 442. 448 (Tex. App.--Corpus Christi 2001, no
> pet.)(pleadings will generally be construed as favorably
> as possible to the pleader; the court will look to the
> pleader's intendment and the pleading will be upheld even
> if some element of a cause of action has not been
> specifically alleged, and every fact will be supplied
> that can reasonably be inferred from what is specifically
> stated) . . . .

*See also* 58 Tex. Jur. 3d Pleading § 102 (Database updated October
2010)("In the absence of a special exception, a pleading will be
construed liberally in the pleader's favor, and every reasonable
intendment will be indulged in favor of the pleading.  The court
will seek to discover the intendment of the pleader; and the
pleading may be upheld even if some element of the cause of action
or defense has not been specifically alleged.  Every fact will be
supplied that may reasonably be inferred or regarded as being
implied by what is specifically stated.")(footnote citations

omitted).[11]

Unlike for analysis of improper joinder, which must be based on the petition at the time of removal, when a plaintiff's complaint fails to state a claim under the federal rules, a federal district court should generally give the plaintiff at least one chance to amend the complaint under Rule 15(a) before dismissing the action with prejudice. *Great Plains Trust Co v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002)("District courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal."); *United States ex rel. Adrian v. Regents of the Univ. of Cal.*, 363 F.3d 398, 403 (5th Cir. 2004)("Leave to amend should be freely given, and outright refusal to grant leave to

---

[11]     Texas Rules of Civil Procedure 45 and 47 embody such liberal construction.   Rule 45 in relevant part states that pleadings shall

> (b) consist of a statement in plain and concise language of the plaintiff's cause of action or the defendant's grounds of defense.  That an allegation be evidentiary or be of legal conclusion shall not be grounds for objection when fair notice to the opponent is given by the allegations as a whole . . .

> All pleadings shall be construed so as to do substantial justice.

Rule 47(a) requires "A short statement of the cause of action sufficient to give fair notice of the claim involved."

amend without a justification . . . is considered an abuse of discretion. [citations omitted]").

### Relevant Substantive Law

To state a claim for breach of contract a plaintiff must show (1) the existence of a valid contract, (2) that plaintiff performed or tendered performance, 93) that the defendant breached the contract, and (4) that the plaintiff was damaged as a result of the breach. *Harris v. Transamerica Life Ins. Co.*, 533 F. Supp. 2d 696, 705-06 (W.D. Tex. 2007), *citing Pegram v. Honeywell*, 361 F.3d 272, 288 (5th Cir. 2004)(*citing Runge v. Raytheon E-Systems, Inc.*, 57 S.W. 3d 562, 565 (Tex. App.--Waco 2001,no pet.)). "A breach occurs when a party fails or refuses to perform an act that it has expressly promised to perform." *Kondos v. Allstate Texas Lloyds*, 2005 WL 1004720, *6 (E.D. Tex. 2005). To state a claim for breach of an insurance contract, the insured must allege facts showing coverage, breach of the contract, damage caused by the breach to the insured, and the amount of damages caused by the breach. *Id., citing Block v. Employers Cas. Co.*, 723 S.W. 2d 173, 178 (Tex. App.--San Antonio 1986), *aff'd*, 744 S.W. 2d 940 (Tex. 1988).

As a general rule, Texas law requires an insured to show that she has suffered damages beyond the damages claims for or resulting from the breach of the insurance policy contract in order to state a claim under the Texas Insurance Code or common-law good faith and fair dealing. *Tracy*, 2012 WL 2477706 at *5-6 (and cases cited

therein).

To state a claim for delay of payment under the Texas Insurance Code,[12] a plaintiff must allege facts showing that a claim exists under the insurance policy, that the insurer is liable for the claim, and the insurer failed to comply with the Insurance Code. *Allstate Ins. Co. v. Bonner*, 51 S.W. 3d 289, 291 (Tex. 2001).

A breach of contract does not, by itself, constitute an unfair

---

[12] Currently Article 542.058 through reference to 542.060. Section 542.058 provides in relevant part,

(a) Except as otherwise provided, if an insurer, after receiving all items, statements, and forms reasonably requested and required under Section 542.055, delays payment of the claim for a period exceeding the period specified by other applicable statutes, or, if other statutes do not specify a period, for more than 60 days, the insurer shall pay damages and other items as provided by Section 542.060.

(b) Subsection (a) does not apply in a case in which it is found as a result of arbitration or litigation that a claim received by an insurer is invalid and should not be paid by the insurer.

Section 542.060 provides,

(a) If an insurer that is liable for a claim under an insurance policy is not in compliance with this subchapter, the insurer is liable to pay the holder of the policy or the beneficiary making the claim under the policy, in addition to the amount of the claim, interest on the amount of the claim at the rate of 18 percent a year as damages, together with reasonable attorney's fees.

(b) If a suit is filed, the attorney's fees shall be taxed as part of the costs in the case.

-24-

or deceptive trade practice under Texas law. *Crawford v. Ace Sign, Inc.*, 917 S.W. 2d 12, 14 (Tex. 19996)(discussing the Texas Deceptive Trade practices Act ("DTPA"); *Bailey v. State Farm Lloyds*, No. Civ. A. H-00-3638, 2001 WL 34106907, *6 (S.D. Tex. Apr. 12, 2001)("Because the Texas Insurance Code and the DTPA are largely codifications of extant common law requirements, mere breach of an insurance contract does not automatically create liability under the Code or the DTPA.   Under Texas law, extra-contractual tort claims brought under the Texas Insurance Code and the DTPA require the same predicate for recovery as a common law claim for bad faith.   Mentioning defendants and then failing to state specific actionable conduct against them does not suffice to state a claim against them. [citations omitted]").[13]

Texas recognizes a duty of good faith and fair dealing in the insurance context that arises from the special relationship between the insurer and the insured, not from the terms of the insurance contract but from an obligation imposed by law as a result of the special relationship. *Arnold v. Nat'l County Mutual Fire Ins. Co.*, 725 S.W. 2d 165, 167 (Tex. 1987); *Viles v. Security National Ins. Co.*, 788 S.W. 2d 566, 567 (Tex. 1999).   The duty of good faith and fair dealing is breached only when the breach of contract is

---

[13] The DTPA and Texas Insurance Code provisions involved here, which both grant relief for unfair or deceptive acts or practices in the business of insurance, are "analogous" and inform each other's interpretation. *Johnson & Higgins of Texas, Inc. v. Kenneco Energy, Inc.*, 962 S.W. 2d 507, 518 (Tex. 1998).

accompanied by an independent tort. *Transp. Ins. Co. v. Moriel*, 879 S.W. 2d 10, 17 (Tex. 1994). *See also Travelers Personal Sec. Ins. Co. V. McClelland*, 189 S.W. 3d 846, 852 (Tex. Civ. App.-- Houston [1st Dist.] 2006, no pet.)(opining that under Sections 541.060(a)(2) and 541.060(a)(7) of the Texas Insurance Code, an "insurer violates its duty of good faith and fair dealing by denying or delaying payment of a claim when the insurer knew or should have known that it was reasonably clear that the claim was covered" and that "an insurer cannot shield itself from bad faith liability by investigating a claim in a manner calculated to construct a pretextual basis for denying a claim.")[14]; *Lundstrom v. United Serv. Auto. Ass'n-CIC*, 192 S.W. 3d 78, 96 (Tex. App.-- Houston [14th Dist.] 2006, pet. denied)("The common law duty of good faith and fair dealing is breached when an insurer denies or delays payment of a claim after its liability has become reasonably clear.").[15]  An insurer may also be liable for damages for breach

---

[14] The standard for common law breach of the duty of good faith and fair dealing is the same as that for the statutory claim. *Progressive County Mutual Insurance Co. v. Boyd*, 177 S.W. 3d 919, 922 (Tex. 2005).  Thus because she has provided no facts to support her statutory claims, it is logical that she also fails on the common law claim.

[15]   The   standards   for   liability   under   Sections 541.060(a)(2)(failing to attempt in good faith to effectuate a prompt, fair and equitable settlement of a claim with respect to which the insurer's liability has become reasonably clear) and 541.060(a)(7)(refusing to pay a claim without conducting a reasonable investigation) are similar to those of a common law claim for breach of an insurer's duty of good faith and fair dealing and are often examined together. *United Servs. Auto Ass'n*

-26-

of its duty of good faith and fair dealing when the insurer fails
to attempt to effectuate a settlement where its liability has
become reasonably clear or where it fails to reasonably investigate
a claim in order to determine whether its liability is reasonably
clear. *Universe Life Ins. V. Giles*, 950 S.W. 2d 48, 50-51, 55, 56
n.5 (Tex. 1997)("[A]n insurer will be liable if the insurer knew or
should have known that it was reasonably clear the [insured's]
claim was covered."). As noted, an insurer also breaches its duty
of good faith and fair dealing when "the insurer has no reasonable
basis for denying or delaying payment of [a] claim, and [the
insurer] knew or should have known that fact." *Arnold*, 950 S.W. 2d
at 56, *citing Aranda v. Ins. Co. of North America,* 748 S.W. 2d 210,
213 (Tex. 1988).[16] Whether there is a reasonable basis for denying
a claim must be evaluated by the facts before the insurer at the
time it denied the claim. *Viles*, 788 S.W. 2d at 567. "[W]hether
an insurer acted in bad faith because it denied or delayed payment

---

*v. Croft*, 175 S.W. 3d 457, 471-72 (Tex. Civ. App.--Dallas 2005, no
pet.).

[16] At the same time, an insurer does not act in bad faith where
a reasonable investigation shows the claim is questionable, and an
insurer maintains the right to deny such a claim without being
subject to liability for an erroneous denial of the claim. *United
Services Auto Ass'n v. Croft*, 175 S.W. 3d 457, 471 (Tex. App.--
Dallas 2005). A bona fide dispute about the insurer's liability on
the insurance contract does not rise to the level of bad faith.
*Transp. Ins. Co. V. Moriel*, 879 S.W. 2d 10, 17 (Tex. 1994). If a
claim is not covered by the contract and the insurer has not
otherwise breached the contract, the insurer is not liable for
breach of bad faith and fair dealing where it denies the claim.
*Lundstrom*, 193 S.W. 3d at 96.

of a claim after its liability became reasonably clear is a question for the fact-finder." *Giles*, 950 S.W. 2d at 56.   "It is an 'objective determination' involving whether 'a reasonable insurer under similar circumstances would have delayed or denied the claimant's benefits.'  So long as a reasonable basis for denial of the claim exists the insurer will not be subject to liability for an erroneous denial of a claim." *Thompson v. Zurich American Ins. Co.*, No. A-09-CA-493-SS, 2010 WL 3784204, *4 (W.D. Tex. Sept. 21, 2010), *citing Republic Ins. Co. V. Stoker*, 903 S.W. 2d 338, 340 (Tex. 1995).

### Court's Decision

Here it is obvious from the discussion above that Plaintiff's bare-bones pleading of claims against State Farm is insufficient to satisfy federal pleading standards.   Moreover, because claims against State Farm in the First Amended Petition were pleaded in Texas state court in accordance with the Texas pleading standard, it would be unfair to hold it to the more stringent standard in federal court without an opportunity to cure its deficiencies.

Accordingly, for reasons stated above, the Court

ORDERS that the adjuster Brown is DISMISSED for improper joinder and Plaintiff's motion to remand (#4) is DENIED.  The Court further

ORDERS that State Farm's motion to dismiss is GRANTED without prejudice, but that Plaintiff is GRANTED leave to file an amended

complaint against State Farm within twenty days of entry of this order that satisfies the federal pleading standards.  Failure to comply will result in dismissal of this action.

     **SIGNED** at Houston, Texas, this  19th  day of  June , 2013.


_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE