```
            IN THE UNITED STATES DISTRICT COURT
            FOR THE SOUTHERN DISTRICT OF TEXAS
                      HOUSTON DIVISION

SARA DALTON,                    §
                                §
          Plaintiff,            §
                                §
VS.                             §   CIVIL ACTION H-12-3004
                                §
STATE FARM LLOYD'S, INC. AND    §
STEWART BROWN,                  §
                                §
          Defendants.           §
```

**OPINION AND ORDER**

Pending before the Court in the above referenced cause arising out of an insurance dispute over recovery for alleged hail storm damage to Plaintiff Sara Dalton's house and property on January 9, 2012 and over State Farm Lloyd's handling of the claim, timely removed from state court on diversity grounds, are Plaintiff's second motion to remand based on new information (#70) and supplement (#72).

Plaintiff argues in #72 that as a matter of law this case must be remanded based on the Fifth Circuit's recent opinion, *De Jongh v. State Farm Lloyds*, ___ Fed. Appx. ___, No. 13-20174, 2014 WL 644564 (5th Cir. Feb. 20, 2014).

Despite the fact that this case is set to be tried next month, as the Fifth Circuit notes in *De Jongh*, a court "may consider subject matter jurisdiction sua sponte as 'subject-matter delineations must be policed by the courts on their own

-1-

initiative.'" 2014 WL 644564, at *1. Because subject matter jurisdiction may not be waived, it may be considered at any time. *Id.* at *3 n.2; *Gray ex rel. Rudd v. Beverly Enterprises-Mississippi, Inc.*, 390 F.3d 400, 411 & n.10 (5th Cir. 2004). Indeed courts have a duty to raise the issue of subject matter jurisdiction *sua sponte*. *Id.*, *citing Bridgmon v. Array Sys. Corp.*. 325 F.3d 572, 575 (5th Cir. 2003). Moreover where an action is removed from state court based on diversity jurisdiction, the court must remand the suit if at any time before it enters final judgment, it determines that it lacks subject matter jurisdiction. 28 U.S.C. § 1447(c)("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction [over a removed case], the case shall be remanded."); *Grupo Dataflux v. Atlas Global Group, LP*, 541 U.S. 567, 571 (2002); *Energy Management Services, LLC v. City of Alexandria*, 739 F.3d 255, 257 (5th Cir. 2014).

## Undisputed Facts

In the case before this Court the following facts are undisputed and are supported by the record. On August 15, 2012 Plaintiff, a Texas citizen, filed her suit in the 165th Judicial District of Harris County, Texas against State Farm Lloyd's, Inc. ("Lloyd's, Inc."), which she thought was her insurer, and against adjuster Stewart Brown (#1, Ex. C), but served State Farm Lloyd's ("State Farm"), her real insurer, on September 10, 2012. State

Farm filed an Original Answer (#1-4, Ex. D) in which it disclosed in the first sentence that it had been incorrectly named as "Lloyd's, Inc." On October 8, 2012 Plaintiff filed a First Amended Petition (#1-5, Ex. E), still identifying the insurer Defendant as "State Farm Lloyd's, Inc."

On that same day State Farm removed the suit to this Court on diversity grounds, reiterating that Plaintiff incorrectly named Lloyd's, Inc. as the defendant. Lloyds, Inc., like Plaintiff, is a citizen of Texas. In the Notice of Removal, State Farm explained that it is a citizen of the states of Illinois, Florida and Pennsylvania and a "Lloyd's Plan" organized under Chapter 941 of the Texas Insurance Code, "consist[ing] of an association of underwriters, each of whom, at the time this civil action was commenced, were, and still are, citizens and residents of the states of Illinois, Florida and Pennsylvania making State Farm a citizen and resident of the states of Illinois, Florida and Pennsylvania for diversity purposes."[1]   #1 at p.3.  Adjuster

---

[1] As explained in *Hebert v. State Farm Lloyds, Inc.*, Civ. A. No. 1:09-cv-532, 2009 WL 3297296, at *1 n.1 (E.D. Tex. Oct. 14, 2009),

> "It is important to note that State Farm Lloyds and Lloyd's are distinct entities. Texas Lloyd's plans such as State Farm Lloyds are singular entities created by Texas law." *Cronin v. State Farm Lloyds*, No. H-08-1983, 2008 WL 4649653, at *5 (S.D. Tex. Oct. 10, 2008). State Farm sells insurance under a "Lloyd's plan," through which a group of underwriters combine to issue insurance through an attorney-in-fact, in this case, Lloyds, Inc. *Martinez v. State Farm Lloyds*, 204 F. App'x 435, 436 (5th

Brown is a Texas citizen and resident.[2]

After removal, both State Farm's (#3) and Plaintiff's Certificates of Interested Parties disclosed that Plaintiff had misnamed the Defendant. Post-removal affidavits of Plaintiff, her son, and Plaintiff's expert referenced State Farm, not Lloyds, Inc., as the defending insurer, as did State Farm's response to Plaintiff's motion to remand and State Farm's motion to dismiss (#7 and 8). In its Opinion and Order of June 20, 2013, denying Plaintiff's motion to remand and dismissing claims against State

---

Cir. 2006)(citing Tex. Ins. Code Ann. § 941.001); *see Castillo v. State Farm Lloyds*, 210 F. App'x 390, 393 (5th Cir. 2006); *Trevino v. State Farm Lloyds*, 207 F. App'x 422, 424 (5th Cir. 2006); *Mata v. State Farm Lloyds*, 206 F. App'x 403, 404 (5th Cir. 2006); *Santos v. State Farm, Lloyds*, No. SA-06-CA-650, 2006 WL 3779798, at *3 (W.D. Tex. Nov. 3, 2006). "'[T]he attorney in fact acts as an agent for the Lloyd's group.'" *Castillo*, 210 F. App'x at 393 (quoting *Royal Ins. Co. of* Am. *v. Quinn-L Capital Corp.*, 3 F.3d 877, 882 (5th Cir. 1993). An attorney-in-fact is authorized by the underwriters to execute insurance policies, but does not bear risks and has no contractual relationship with the insured. *Martinez*, 204 F. App'x at 436; *see Salazar v. Allstate Te*xas Lloyd's, *Inc.*, 455 F.3d 571, 572 n.1. (5th Cir. 2006). "[A] Texas Lloyd's Plan such as State Farm Lloyds possesses a legal identity separate and distinct from its underwriters." *Cronin*, 2008 WL 4649653. at *5.

[2] In light of State Farm's assertion that it was a citizen of Illinois, Florida and Pennsylvania and because the Court found that the claims against adjuster Brown were indistinguishable from those against the insurer, this Court subsequently dismissed Brown for improper joinder in an effort to defeat diversity jurisdiction, as well as all claims against State Farm under Rule 12(b)(6) for failure to state a claim for which relief may be granted (#20). Plaintiff subsequently amended her pleadings (instrument #24), with the style naming "Lloyd's, Inc." again, but with the content clearly identifying "State Farm" as the defendant.

Farm and Brown under Rule 12(b)(6), but allowing Plaintiff to replead, the Court noted that the defendant had been misnamed (#20 at p.1 n.1). In Plaintiff's Second Amended Complaint (#24), while the style of the suit remained the same as initially filed, as is the practice, the first paragraph clearly identifies State Farm as the Defendant.

### Relevant Law

In *De Jongh*, a state court suit asserting the same kinds of claims brought by Plaintiff in this suit nominally against an individual adjuster and purported insurer, Lloyds, Inc., with a trade name similar to the real insurer, State Farm. Unlike in the instant action, De Jongh, a Texas resident, served Lloyd's Inc., a Texas resident, and continued to assert her claims against it throughout the litigation. State Farm answered the suit, stated that De Jongh had incorrectly named Lloyd's, Inc. as the Defendant, claiming a "misnomer," and maintained that it was the correct defendant. 2014 WL 644564, at *1, 2. The Fifth Circuit highlighted the fact, however, that State Farm did not move to intervene or to ask the state court to substitute it as the proper party in interest. 2014 WL 644564, at *1. State Farm then removed the case on diversity grounds, and in its notice of removal stated that De Jongh had named the wrong entity, that State Farm was a citizen of Illinois, Florida, and Pennsylvania, that the adjuster, Dwight Johnson (a Texas resident), had been improperly joined, and

that complete diversity of citizenship existed among the real parties in interest, i.e., De Jongh and State Farm.  *Id.*  Unlike in the instant case, De Jongh did not move to remand, and the district court did not dismiss either Lloyds, Inc. or the adjuster. Following a bench trial, the district court entered a take-nothing judgment in favor of Johnson and State Farm; Lloyds, Inc. was not mentioned in the final judgment.  De Jongh filed a timely appeal, arguing that the district court lacked subject matter jurisdiction because (1) State Farm was not a party to the suit and (2) all the actual parties were Texas residents.    2014 WL 644564, at *1-2.

In questioning whether it had subject matter jurisdiction, the Fifth Circuit properly examined De Jongh's original petition at the time of removal[3] and noted that any doubts about the propriety of the removal should be resolved against federal jurisdiction.  2014 WL 644564, at *1, *citing Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000).  Citing 28 U.S.C. § 1441(a) for the rule that only a defendant may remove a civil action to federal court, the Fifth Circuit opined, "A non-party, even one that claims to be a real party in interest, lacks the authority to institute removal proceedings."  *Id.* at *2, *citing Salazar v. Allstate Tex. Lloyd's, Inc.*, 455 F.3d 571, 575 (5th Cir. 2006)("'[W]here an entity has not

---

[3] The right to remove depends upon the plaintiffs' pleading at the time of the petition for removal.  *Pullman Co. v. Jenkins*, 305 U.S. 534, 537-38 (1939); *Cavallini v. State Farm Mutual Auto Ins.*, 44 F.3d 256, 264 (5th Cir. 1995).

properly been made a party in state court, removal jurisdiction cannot be premised on its presence in the action."); *Hous. Auth. of Atlanta, Ga. v. Millwood*, 472 F.2d 268, 272 (5th Cir. 1973)("holding that, where removal is initiated by a non-party, the district court is without subject matter jurisdiction"). The appellate court reasoned,

> Here, State Farm never became a party in this action. Jongh did not name State Farm as a defendant in her original petition; although it asserted in its answer and notice of removal that Jongh incorrectly named Lloyds as a defendant, State Farm did not move to intervene or otherwise request that the district court substitute it as the proper party in interest. Consequently it lacked the authority to remove this action to federal court. *See Salazar*, 455 F.3d at 575; *Millwood*, 472 F.2d at 272.

2014 WL 644564, at *2. Noting the well established precept that a plaintiff is the master of her complaint, which is generally used to permit plaintiffs to draft their petitions to avoid federal jurisdiction and removal, the Fifth Circuit concluded that a plaintiff may choose the parties she wishes to sue and "[t]he district court lacked the authority to disregard Jongh's choice to sue Lloyds, not State Farm, and assert diversity jurisdiction." 2014 WL 644564, at *2, *citing Salazar*, 455 F.3d at 575, 573 (under nearly identical facts, holding that "a district court cannot 'create removal jurisdiction based on diversity by substituting parties.'"). Because in *De Jongh* State Farm "never properly became a defendant," it lacked the authority to remove the case and the federal district court "lacked subject matter jurisdiction because

each of the proper parties to this action--Jongh, Lloyds, and Johnson--are Texas residents." 2014 WL 644564, at *3. The Fifth Circuit vacated the final judgment and remanded the suit to state court. *Id.*

Nevertheless, Plaintiff ignores critical distinctions between *De Jongh* and this case, which undermine her argument for remand. Like State Farm in *De Jongh*, State Farm here argues that Plaintiff's erred in naming Lloyd's Inc. as the defendant in her state court petitions. However in *De Jongh*, the Fifth Circuit in a footnote explains the distinction between a "misnomer" and a "misidentification"[4]:

> The misnomer/misidentification dichotomy usually arises in cases involving whether the statute of limitations was tolled by filing against a party that is defectively named in some way. With a misnomer, the correct party, although misnamed, is served with notice of the suit; in that situation, limitations is tolled. . . . This is in contrast to a misidentification, which "arises when two separate legal entities actually exist and a plaintiff mistakenly sues the entity with a name similar to that of the correct entity." . . . . A misidentification, unlike a misnomer, does not toll the statute of limitations. [citations omitted]

2014 WL 644564, at *3.

In the instant case, Plaintiff did serve State Farm (not Lloyd's, Inc.) with her Original Petition when she initiated suit in state court, even though the Defendant was wrongly named. #1, Ex. B. The Court observes that not only are the two full names of

---

[4] Usually the distinction becomes an issue where there is a statute of limitations challenge.

these entities almost identical, but the fact that State Farm as a Texas Lloyd's Plan (see footnote 1) aids in possible confusion. Moreover, there was and is no dispute that State Farm issued the policy at issue and that Brown, the adjuster, worked for State Farm, not Lloyd's, Inc.[5]  *Id.*  State Farm's Original Answer to Plaintiff's Petition provided up-front notice that it was improperly named.  #1-4, Ex. D.  In addition, once removed, both parties properly identified State Farm as the correct name of the Defendant in their Certificates of Interested Parties (#3, filed by State Farm October 25, 2012, and #6, filed by Plaintiff on November 9, 2012).  Plaintiff's "60-Day Notice Letter under Tex. Ins. Code 541," #71-2 Ex. B, dated November 12, 2012, demanded compensation from State Farm, not Lloyd's.  In response (#7) to Plaintiff's motion to remand (#4), filed on November 7, 2012, State Farm again identified itself as the proper defendant.  When the Court dismissed Brown for improper joinder and, noting that Plaintiff had misnamed her homeowner's insurer as Lloyd's, Inc., dismissed the claims against State Farm under Rule 12(b)(6) for failure to state a claim for which relief may be granted (#20), Plaintiff amended her complaint (#24) and named State Farm as the Defendant.[6]  Unlike

---

[5] According to #1-2, Ex.B, Brown was also served.

[6] Federal Rule of Civil Procedure 15(c) allows an amendment changing the name of a party to relate back to the original complaint *only if the change is the result of error, such as a misnomer or misidentification.'" Miller v. Mancuso*, 388 Fed. Appx. 389, 391 (5th Cir. 2010), *quoting and emphasizing Jacobsen v.*

De Jongh, she did not continue to assert that her claim was against Lloyd's, Inc. In her deposition on July 7, 2013 Plaintiff testified that State Farm was her homeowner's insurer at the time of the alleged hail storm and that she reported her claim to State Farm and scheduled the inspection of her home with a roofer and a State Farm adjuster; furthermore she never mentioned Lloyd's, Inc. during her deposition. #71, Ex. C, pp. 49-55.

State Farm points out that under Texas law, when a defendant is misnamed in a suit, but is served with the misnomer and involved in the suit, the court acquires jurisdiction over the misnamed party if it is clear that no one is prejudiced by the error. In *Reddy Partnership/5900 North Freeway LP v. Harris County Appraisal*, 370 S.W. 3d 373, 376-77 (Tex. 2012), the Texas Supreme Court wrote,

> Misnomer arises "when a party misnames itself or another party, but the correct parties are involved." *In re Greater Hous. Orthopaedic Specialists, Inc.*, 295 S.W. 3d 323, 325 (Tex. 1999)(per curiam). When the correct party sues or is sued under the incorrect name, "the court acquires jurisdiction after service with the misnomer if it is clear that no one was misled or placed at a disadvantage by the error." *Sheldon v. Emergency Med. Consultants, I, P.A.*, 43 S.W. 3d 701, 702 (Tex. App.-- Fort Worth 2001, no pet.).
> This is in contrast to misidentification, which "arises when two separate legal entities actually exist and a plaintiff mistakenly sues the entity with a name similar to that of the correct entity." *Chilkewitz v. Hyson*, 22 S.W. 3d 825, 828 (Tex. 1999). A misidentification's consequences are generally harsh, but

---

*Osborne*, 133 F.3d 315, 320 (5${}^{th}$ Cir. 1998). Rule 15(c) applies only to amended pleadings in the same action as the original timely pleading. *Ultraflo Corp. v. Pelican Tank Parts, Inc.*, 926 F. Supp. 2d 935, 947 (S.D. Tex. 2013).

-10-

the same is not true for misnomers. *See In re Greater Hous. Orthopaedic Specialists, Inc.*, 295 S.W. 3d 323, 325 (Tex. 1999)(per curiam). Courts generally allow parties to correct a misnomer so long as it is not misleading. *Id.*

For all these reasons, the Court finds that the naming of State Farms as Lloyd's Inc. in Plaintiff's state court petition was a misnomer that has been properly cured. Accordingly, the Court

ORDERS that Plaintiff's second motion to remand (#70) is DENIED.

**SIGNED** at Houston, Texas, this __4th__ day of __March__, 2014.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE