```
          IN THE UNITED STATES DISTRICT COURT
          FOR THE SOUTHERN DISTRICT OF TEXAS
                    HOUSTON DIVISION
```

SARA DALTON,                    §
                                §
        Plaintiff,               §
                                §
VS.                             §    CIVIL ACTION H-12-3004
                                §
STATE FARM LLOYD'S, INC. AND    §
STEWART BROWN,                  §
                                §
        Defendants.              §

### OPINION AND ORDER

Pending before the Court in the above referenced cause arising out of an insurance dispute over recovery for alleged hail storm damage to Plaintiff Sara Dalton's house and property, especially the roof, on January 9, 2012 and over State Farm Lloyd's handling of the claim, timely removed from state court on diversity grounds, is Defendant State Farm Lloyds' motion for summary judgment (instrument #31).

After reviewing the record and the applicable law, the Court finds that both sides have been somewhat unclear about the evidence. While Plaintiff complains that she was not provided with a reasonable and detailed explanation of the results of the separate inspections by State Farm adjusters Stewart Brown and Donald Guillory, but only two cursory denial letters, the evidence shows that Plaintiff was not present for either of the inspections, while her adult son, Jack Debolt, was. Debolt testified that he

-1-

had a lengthy conversation with Brown after the inspection and that Brown provided him with a printout of his report. #42-5, pp. 26-27. State Farm represents that "[o]n March 19, 2012 Stewart Brown inspected the roof on behalf of State Farm, along with Dalton's adult son and a representative of Plaintiff's roofer of choice," Steve Johnson from Remedy Roofing, and that "[o]n June 12, 2012 Donald Guillory of State Farm and Plaintiff's second roofer of choice, Chris Rydiak of "Allstate Roofing, attended the inspection." #32 at p. 3. A review of all the evidence reveals the Jack Debolt never went up on the roof because of its steepness, and that neither of Plaintiff's "roofers" of choice" went up on the roof with the State Farm inspectors either. Plaintiff's conclusory allegations of bad faith,[1] outcome-oriented and unreasonable inspections, misrepresentations, etc. are not competent summary judgment evidence.

Nevertheless, the affidavit and report of Plaintiff's expert Shannon Kimmel, an experienced adjuster who in the past had worked for State Farm as well as other insurers, plus his attached photographs, do raise genuine issues of material fact for trial.

Accordingly, the Court

ORDERS that State Farm's motion for summary judgment (#21) is

---

[1] From the joint pretrial order it appears that Plaintiff has dropped her statutory and common law bad faith claims, and will try only her breach of contract claim to the jury, with the Court to decide her claim for interest under the Prompt Payment Act. #46 at p. 6.

DENIED.

    **SIGNED** at Houston, Texas, this  4th  day of  March , 2014.

                                        MELINDA HARMON
                            UNITED STATES DISTRICT JUDGE